**UNITED STATES DISTRICT COURT**
**FOR THE SOURTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

*ex rel.* VERITY INVESTIGATIONS, LLC,

*Plaintiff/Relator*,

v.

EDM USA, INC.,

*Defendant.*

Case No. ____________

**ORIGINAL COMPLAINT FOR VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT, 31 U.S.C. § 3729 *et seq.***

**FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**

**DO NOT PLACE IN PRESS BOX**

**Jury Trial Demanded**

6. Defendant falsely certified to the SBA (1) that it and its affiliates had 65 employees and (2) that it was not a business concern owned or held by an entity with significant operations in China. As a direct result of those false statements, Defendant obtained a Second Draw PPP loan in the amount of $812,400, which was later forgiven.

7. Relator is an outside investigative company that detected Defendant's fraud by reviewing Defendant's affiliate's consolidated financial reports. Those reports demonstrate that Defendant and its affiliates had more than 300 employees during the relevant time period and had a parent with significant operations in China.

## II. The Parties

8. Plaintiff Verity Investigations LLC ("Relator") is an investigative firm formed by two professionals with widespread experience in detecting and reporting fraud on the U.S. public fisc.

9. Defendant EDM USA, Inc. is a Delaware corporation with its principal place of business in New York, New York.

## III. Jurisdiction and Venue

10. This action arises under the laws of the United States to redress violations of the Federal False Claims Act, 31 U.S.C. §§ 3729–33 ("FCA").

11. Subject-matter jurisdiction is conferred by 28 U.S.C. §§ 1331, 1345.

12. Venue is proper, and this Court has personal jurisdiction over Defendant, because Defendant is "found" in this District. 31 U.S.C. § 3732(a).

## IV. The False Claims Act

13. The FCA is the primary civil remedial statute designed to deter fraud upon the United States. Its purpose is to "enhance the Government's ability to recover losses sustained as a result of fraud against the Government." S. Rep. No. 99-345, at 1 (July 28, 1986).

Government (I) provides or has provided any portion of the money or property requested or demanded; or (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded." 31 U.S.C. § 3729(b)(2).

22. False statements made in a loan application to a third-party lender qualify as "false claims" to the government where, as here, the loan is guaranteed by the federal government and the federal government later repays the lender. *See United States v. Van Oosterhout*, 96 F.3d 1491, 1494 (D.C. Cir. 1996).

## V. No "Public Disclosure" and Relator Is An Original Source

23. On information and belief, no "public disclosure" has been made of Defendant's false statements and fraud detailed herein. 31 U.S.C. § 3730(e)(4)(A).

24. On information and belief, Defendant's fraudulent transaction has not been publicly disclosed in a federal criminal, civil, or administrative hearing in which the Government or its agent is a party; in a congressional, Government Accountability Office, or other Federal report, hearing, audit, or investigation; or by the news media.

25. Even if there had been a "public disclosure," that would not matter in this case because Relator is an "original source of the information" set forth in this complaint. 31 U.S.C. § 3730(e)(4)(A).

26. Relator's knowledge is independent of and materially adds to any publicly disclosed aspects of the fraudulent transaction described herein. Among other things, Relator has "connected the dots" between (a) Defendant's and Defendant's affiliate's consolidated financial reports, and (b) Defendant's false certification for their Second Draw PPP loan.

27. Prior to filing this action, Relator voluntarily provided the Government with this complaint and all material evidence in Relator's possession relating to the fraudulent transactions.

34. The SBA Form 2483-SD then required the applicant's authorized representative to certify eligibility by signing a statement that "[t]he Applicant, together with its affiliates (if applicable) . . . employs no more than 300 employees."

35. For the Second Draw PPP loans, Congress stated that "eligible entity . . . does not include . . . any business concern or entity for which an entity . . . that has significant operations in the People's Republic of China or the Special Administrative Region of Hong Kong, owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity, including as equity shares or a capital or profit interest in a limited liability company or partnership." 15 U.S.C. § 636(a)(37)(A)(iv)(III)(cc)(AA).

36. The SBA Form 2483-SD then required the applicant's authorized representative to certify eligibility by signing a statement that:

> The Applicant is not a business concern or entity (a) for which an entity created in or organized under the laws of the People's Republic of China or the Special Administrative Region of Hong Kong, or that has significant operations in the People's Republic of China or the Special Administrative Region of Hong Kong, owns or holds, directly or indirectly, not less than 20 percent of the economic interest of the business concern or entity, including as equity shares or a capital or profit interest in a limited liability company or partnership; or (b) that retains, as a member of the board of directors of the business concern, a person who is a resident of the People's Republic of China.

37. The SBA Form 2483-SD also required the applicant's authorized representative to initial to "certify that the information provided in this application . . . is true and accurate," and to acknowledge "that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including under 18 U.S.C. 1001 and 3571 by imprisonment of not more than five years and/or a fine of up to $250,000 . . . ."

38. The SBA guaranteed 100% of the outstanding balance of Defendant's Second Draw PPP loan. The guarantee was backed by the full faith and credit of the United States. 15 U.S.C. § 636(a)(2)(F).

viii. Atelier D'Art New York Inc.;

ix. Atelier de la Boiserie;

x. Ateliers Perrault Freres;

xi. Bronzes de France;

xii. Compagnons de Castellane;

xiii. CL Lorain;

xiv. Dagand Atlantique;

xv. Daniele Décor;

xvi. Louis del Boca;

xvii. Dureau;

xviii. EDM Afrique;

xix. EDM Brasil;

xx. ADF Brasil (Ex EDM Bresil);

xxi. EDM Canada;

xxii. EDM Paris (ex EDM France);

xxiii. EDM Holding;

xxiv. EDM Hong Kong;

xxv. EDM Suisse;

xxvi. EDM London;

xxvii. EDM USA;

xxviii. EDM Chine;

xxix. EDM Monaco;

xxx. FFDH Inc.;

liv. Stone Performance Bresil;

lv. Stone Performance Portugal;

lvi. Trinity Switches;

lvii. Vivian Et CIE;

lviii. Vitnnes Lelievre Driot; and

lix. Weldon.

43. On information and belief, Defendant EDM USA, and the other entities listed in ¶ 42, *supra*, qualify as "affiliates" for purposes of the PPP Loan program under one or more of the alternative definitions provided in 13 C.F.R. § 121.301(f).

**B. EDM USA's False Statement To Obtain a Second Draw PPP Loan**

44. In 2020, EDM USA submitted a borrower application for a First Draw PPP loan in the amount of $812,400 by lender Dime Community Bank.

45. On or about November 19, 2020, the U.S. government forgave 100% of EDM USA's First Draw PPP loan, plus interest, in the amount of $816,958.47.

46. In 2021, EDM USA applied for a Second Draw PPP loan.

47. EDM USA submitted its borrower application form, SBA Form 2483-SD, to Loan Source Incorporated at 353 East 83rd St., Ste 3H, New York, NY 10028.

48. In its Form 2483-SD, EDM USA listed its address as 22 E 21st St., Apt 7R, New York, NY 10010.

49. In its SBA Form 2483-SD, EDM USA represented that it and its affiliates had 65 employees—under the 300-employee limit needed to be eligible to apply.

50. EDM USA's representation in SBA Form 2483-SD regarding the total number of its and its affiliates' employees was false. EDM USA and its affiliates had far more than 300 employees in each of 2019, 2020 and 2021.

### C. Evidence of Number of Employees

58. In its SBA Form 2483-SD, a company must include "the employees of its domestic and foreign affiliates" in calculating its number of employees. *See* 13 C.F.R. § 121.106(b)(1).

59. Ateliers Group's 2020 consolidated financial statements report that Defendant's corporate group collectively had an average of 1,407 employees in 2019.[13]

60. Ateliers Group's 2020 consolidated financial statements report that Defendant's corporate group collectively had an average of 1,659 employees in 2020.[14]

61. Ateliers Group's 2021 consolidated financial statements report that Defendant's corporate group collectively had an average of 1,760 employees in 2021.[15]

62. If Defendant EDM USA had counted its affiliates' employees in their Second Draw PPP loan application, they would have reported far more than 300 employees.

63. On information and belief, Defendant's and its affiliates' payroll records from 2019, 2020, and 2021 will confirm what Defendant always knew—that Defendant and its affiliates collectively employed well over 300 employees throughout the time period 2019–2021.

### D. Evidence of Significant Operations in China

64. Defendant is part of the corporate family of Ateliers Group.

65. Ateliers Group's 2020 consolidated financial statements list multiple majority owned and controlled subsidiaries, located in China, as listed in ¶ 42, *supra*, including:

i. EDM Hong Kong; and

ii. EDM Chine.

---

[13] Ateliers Group's 2020 consolidated financial statements, Pappers, p 7, https://www.pappers.fr/recherche?q=ATELIER+DE+FRANCE.
[14] Ateliers Group's 2020 consolidated financial statements, Pappers, p 7, https://www.pappers.fr/recherche?q=ATELIER+DE+FRANCE.
[15] Ateliers Group's 2021 consolidated financial statements, Pappers, p 7, https://www.pappers.fr/recherche?q=ATELIER+DE+FRANCE.

## SECOND CAUSE OF ACTION

### Creating a False Record or Statement Material to a False Claim
### 31 U.S.C. § 3729(a)(1)(B)

74. Relator repeats, realleges, and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

75. The Defendant violated 31 U.S.C. § 3729(a)(1)(B) by knowingly making or causing to be made false records and statements—namely, their SBA Form 2483-SD and their included certifications—to support false claims submitted to the lender for approval of a Second Draw PPP loan.

76. The Defendant's knowingly false records and statements were material to the lender's decisions to issue the Second Draw PPP loan and were material to the SBA's decision to forgive that loan and repay the lender.

77. But for Defendant's knowingly false records and statements, the lender would not have issued the loan, and the SBA would not have forgiven it.

## THIRD CAUSE OF ACTION

### Improperly Avoiding an Obligation to Pay or Transmit Money
### 31 U.S.C. § 3729(a)(1)(G)

78. Relator repeats, realleges, and incorporates the allegations set forth in the paragraphs above as though fully set forth herein.

79. Defendant violated 31 U.S.C. § 3729(a)(1)(G) by knowingly and improperly avoiding Defendant's obligation to pay or transmit money to the SBA—namely, the money Defendant received from the SBA in forgiveness for Defendant's Second Draw PPP loan.

80. Defendant knew it improperly received money from the SBA when the SBA forgave Defendant's Second Draw PPP loan.